(No. 75-CV-36—

EDWARD J. QUIROZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 15, 1975.*

EDWARD J. QUIROZ, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on June 8, 1974, at the vicinity of Cicero and Cornelia, Chicago, Cook County, Illinois. Edward J. Quiroz, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Edward J. Quiroz, age 24, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery." (*Ill. Rev. Stat., 1973, Ch. 38, §12-4).*

2. That on June 8, 1974, claimant was beaten severely by a group of men in the street near his home. Prior to the beating, claimant had been walking home peacefully after spending the evening at a neighborhood tavern.

3. That statements, taken by the police investigators after the crime was committed, present no substantial evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous injuries for which he was hospitalized and received surgery. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailants have not been identified. An investigation by the Chicago Police Department continues with claimant's cooperation.

6. That there is no evidence that the victim and his assailants were related or sharing the same household.

7. That the victim's average monthly earnings for the period immediately preceding the injury were $605.18, but earnings of only $500 per month can be considered as the basis for determining loss of support, pursuant to the following provision in §4 of the Act:

"Loss of earnings . . . shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

8. That the claimant was out of work for 24 days and suffered a loss of earnings of $394.74. (This figure is determined by dividing the $500 monthly earnings by 30.4, the average days in a month and multiplying the total by 24, the number of days lost.)

9. That, in addition to loss of earnings, the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of these expenses is as follows:

1) Hospital ....................................... $1,186.50
2) Medical ....................................... $2,690.00

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court "Shall deduct $200." This amount, having been deducted from the gross amount of loss as calculated in ¶8 and 9, leaves an amount of compensable loss, sustained by the claimant of $4,071.24.

IT IS HEREBY ORDERED that the sum of $4,071.24 be awarded to the claimant, as the innocent victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY-NINE DOLLARS AND NINETY-NINE CENTS) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the

claimant in the sum of $3,071.25 be referred forthwith to the General Assembly for its approval.